IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW THADDIOUS PRATER,<br><br>Defendant. | No. 3:20-mj-00521-DMS |

**AFFIDAVIT**

I, Thomas J. King, having been first duly sworn, do hereby depose and state as follows:

## 1. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that MATTHEW THADDIOUS PRATER has committed the following federal criminal offense:

> On or about August 25, 2020, within the District of Alaska, MATTHEW THADDIOUS PRATER knowingly and intentionally distributed controlled substances, to wit: heroin and methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

2. I am a graduate of Buffalo State College, where I obtained a Bachelor of Science in criminal justice. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have been so employed since February 14, 2001. Prior to that I was a Special Agent with the Immigration and Naturalization Service for five years, and an Inspector with the United States Customs Service for three years.

3.      I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Special Agent, I am familiar with the Federal Firearms laws. Through my experience I have also investigated numerous cases involving 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 18 U.S.C. § 924(c) (Use of a Firearm in Furtherance of a Violent Crime or a Crime Involving Drug Trafficking) and 21 U.S.C. § 841 et seq (violations of the Controlled Substance Act).

4.      The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports, my own investigation of this matter, and my training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

## 2. FACTS ESTABLISHING PROBABLE CAUSE

1.      In August 2020, I initiated an investigation into Jennifer HUGHES when I received information from a Confidential Informant (CI) that HUGHES was selling methamphetamine and heroin from her residence, 1459 N. Williwaw Way, Wasilla. The CI stated HUGHES typically sold smaller amounts, but sold to a large number of people every day. I spoke with Investigators from the AST Mat-Su narcotics task force, and they confirmed they had received several tips that indicated drug trafficking activity was occurring at that address.

2.      On August 11, 2020, while acting in an undercover capacity, I was introduced to

JENNIFER HUGHES by the CI. This meeting took place at HUGHES's, residence 1459 N. Williwaw Way in Wasilla, Alaska. After entering the residence, I walked to the back bedroom, where I met HUGHES. HUGHES agreed to sell me approximately 3.5 grams of heroin and 8.25 grams of methamphetamine for $1,000.

3. I observed HUGHES remove the narcotics from a safe in her bedroom. She weighed the narcotics with a digital scale, which was on a dresser next to her bed. HUGHES then gave me the scale and told me to double check the weight of the narcotics. I took possession of the narcotics, paid HUGHES, and departed the residence. I then turned over the narcotics to Alaska State Trooper Sergeant Scott Briggs, who subsequently field tested the methamphetamine and heroin. I observed that he obtained a presumptive positive result for both substances.

4. On August 25, 2020, I returned to HUGHES's residence with the CI. Prior to entering I activated a secreted audio and audio/video recorder. I made contact with a man who was identified to me as "Matt". After explaining to "Matt" that we was there to see HUGHES, the Confidential Informant and I walked to the back bedroom. I observed that HUGHES's boyfriend, previously identified as Cleve CLEMENT, was asleep on the bed. HUGHES was sitting on the bed. HUGHES confirmed I wanted to purchase the "same as last time". HUGHES asked the CI to go get "Matt" and to tell "Matt" to bring her the "go". From my training and experience, I am aware that "go' is a slang term for methamphetamine. I walked back to "Matt" with the CI, who told him that HUGHES wanted him to bring her the methamphetamine. I observed "Matt" grab a container and he

followed us back to HUGHES's bedroom.

5. When we returned to the bedroom, "Matt" handed the container to HUGHES, and HUGHES removed what appeared to be methamphetamine. HUGHES then weighed out approximately 7.39 grams of methamphetamine and 3.59 grams of heroin, and packaged it. I paid $1,000.00 to HUGHES, and took possession of the narcotics. After departing the residence, I turned the narcotics over to AST Investigator Doug Cook. I observed Inv. Cook field test the methamphetamine and heroin, and obtain a presumptive positive result for both substances.

6. I later confirmed through several databases that HUGHES (through Accurint) and her boyfriend Cleve CLEMENT (through PFD records) are linked to 1459 N. Williwaw Way as their primary residence. I also confirmed that the woman I had met on August 11th and on the 25th was in fact Jennifer HUGHES.

7. On October 21, 2020, ATF executed Federal Search Warrant 3:20-MJ-00070-DMS at the residence of Jennifer HUGHES. Matthew PRATER was encountered, identified, and detained. I observed that PRATER was the same "Matt" I had encountered in HUGHES' residence on August 25, 2020. I advised PRATER of his Miranda Rights and he waived them and agreed to talk to me. PRATER admitted that in the past he had "worked" for Jennifer HUGHES, conducting drug sales on her behalf. PRATER said that HUGHES had recently "fired" him from his position because he had conducted a sale where he didn't weigh the drugs correctly and he had not collected the right amount of money for the amount of drugs he had transferred to a customer. PRATER was arrested at

the conclusion of the interview.

3. CONCLUSION

8.  I have probable cause to believe that MATTHEW THADDIOUS PRATER has committed the offense described in the complaint. Accordingly, I ask the court to issue a warrant for MATTHEW THADDIOUS PRATER's arrest in accordance with Federal Rule of Criminal Procedure 4(a).

//

//

//

//

//

RESPECTFULLY SUBMITTED,

THOMAS KING
Digitally signed by THOMAS KING
Date: 2020.10.21 10:23:32 -08'00'

Thomas J. King
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives

SUBSCRIBED AND SWORN TO ~~before me on~~ telephonically on  Oct. 21, 2020.

Deborah M. Smith
UNITED STATES MAGISTRATE JUDGE

U.S. v. Matthew THADDIOUS PRATER
3:20-mj-00521-DMS